(Clark County, O., Probate Court.)
1895.

IN RE JOHN A. McCREIGHT, DEC'D.

(1). Ancillary administration is not favored by the laws of Ohio, and should only be granted when required to preserve an estate or secure the payment of a claim of a resident creditor.

(2). The law controlling the administration of an estate is more nearly allied to the principles of equity jurisprudence, than to the precepts of the common law.

(3). The conduct of a resident creditor and the condition of the estate may be such that a court will refuse to appoint an ancillary administrator, until all remedies against the foreign administrator have been exhausted.

(4). McCreight died owning real estate in Clark county, Ohio. His wife was appointed administratrix in New Jersey, the domicile of McC. and lived in Ohio, more than a year after her appointment: The administratrix is still acting and has sufficient funds in her hands derived from the personal property to pay all unpaid debts.

B., a resident of this county, has a disputed claim against the estate of said McCreight. A year ago, more than four

years after the appointment of the administratrix, the real estate of MrCreight with the consent and approbation of B. was sold and transferred out of the name of McCreight.

Held—That no administrator will be appointed by this court until it is shown that B. has exhausted every other remedy to secure her claim.

---

Application for Administrator.

ROCKEL, J.

In December, 1889, John A. McCreight died a resident of Camden, N. J.

At the time of his death, he was the owner as tenant in common with the applicant, A. McCreight Wilson, the claimant, Anna D. Blount, and the administratrix Celia A. McCreight, of a one-twelfth interest in certain real estate in this county. There was no personal property within this jurisdiction belonging to him.

On December 31st, 1889, Celia A. McCreight was appointed administratrix under the laws of New Jersey, and proceeded in the due administration of said trust, and is still acting in that capacity.

Anna D. Blount, a sister of the deceased and a resident of this county, asserts that she has a claim against the estate of said John A. McCreight, and for the purpose of securing and enforcing the payment of her claim, A. McC. Wilson a resident of this county, makes application to be appointed administrator of said John A. McCreight. Celia E. McCreight resists the appointment and files the following motion:

"And now comes Celia E. McCreight, widow of John A. McCreight, deceased, and not entering her appearance herein, but protesting against the filing of said application, moves the court that said application be dismissed, because: First, that she is the administratrix of said John A. McCreight, deceased, duly appointed by the surrogate's court at Camden, N. J., the domicil of said decedent.

"Second, that she has personal assets sufficient to pay any indebtedness against said decedent.

"Third, that there is no valid claims against said decedent unpaid.

"Fourth, that there are no assets in this county which should be subjected to the payment of this indebtedness.'

"Fifth, the appointment of an administrator here, will result in litigation affecting the rights of third parties, and is unnecessary.

"Sixth, the creditor who seeks this appointment, is estopped by her own acts and delay in presenting her claims and by sale and transfer of real estate, from asking this appointment.

"Seventh, this court has no jurisdiction to appoint an administrator herein."

I have no doubt but what this court has jurisdiction in the matter, but whether it should under all the circumstances exercise it, is a question of great doubt. Ancillary administration is not favored by the laws of Ohio, and should only be granted when required to preserve an estate, or secure the payment of a claim of a resident creditor.

We find that at common law, the principal reason given for ancillary administration to be that an administrator could not sue or be sued beyond the confines of the sovereignty from which he received his authority.

This cause is entirely eliminated in Ohio by section 6129-6123, of the Revised Statutes.

These sections not only admit the foreign administrator to sue and be sued in the state, but they make all the laws of this state in reference to the settlement of estates, applicable to such foreign administrator, providing only that he be residing in this state or have assets or property in the same. Foreign administrators receive further recognition by the laws of Ohio, when they are permitted, by filing an authenticated copy of their appointment to commence a proceeding to sell real estate. (Sec. 6668).

Thus it seems to me that the statutes of Ohio, clothe a foreign administrator with full power and authority to make a complete settlement of the estate of a deceased non-resident.

Ancillary administration makes additional costs, and is likely to call into the settlement of an estate conflicting parties and conflicting interests.

Further the law of our state as well as the common law, favors an expeditious settlement of the estate of deceased persons.

With full power for the administration of this estate, and with ample opportunity to present her claim, Mrs. Blount Permitted more than five years to elapse before she seeks the appointment of an administrator.

Celia E. McCreight, the administratrix, has since her appointment visited the claimant a number of times, and for more than a year was a resident of Ohio within forty miles of her place of residence.

Mrs. Blount was in New Jersey at the time the appointment was made.

Thus ample opportunity was afforded her to present her claim and have it formally accepted or rejected, and she could have had her choice of forums in which to have entered suit thereon, either under the laws of New Jersey, or those of Ohio.

Mrs. Blount had full knowledge during all this time of the existence of her claim and the disputed validity of the same, long prior to the time the matter was brought to the administratrix's attention, by her attorney.

"She had frequently mentioned the subject to the administratrix, but she always evaded the subject, never promising and never refusing to pay the same."

This ought to have been sufficient notice to Mrs. Blount that the claim was disputed.

The administratrix says she knew nothing of the claim, until Judge Hagan corresponded with her, which was two years after the appointment. It is true that shortly after the claim, which was founded on a promissory note, was brought to the knowledge of Mrs. McCreight by Judge Hagan, it was lost; and was not found until about a year ago when shortly thereafter at her instance application was made for an administrator under sec. 6013, which was refused.

But even if the note was lost, the claim could still have been presented to the administratrix while she lived in Ohio, and if rejected, suit could have been had in this state. The very

least that can be said for Mrs. Blount is that she has not been a very diligent creditor, and therefore is not entitled to that favorable degree of consideration which courts are inclined to confer upon that class of creditors. The law controlling the administration of estates is more nearly allied to the principles of equity jurisprudence, than to the precepts of the common law. It is an axiom of equity that it aids the vigilant, but not those who slumber on their rights.

This is a practicable rule controlling and restricting the awards of relief, and is designed to promote diligence on the part of suitors, to discourage laches, by making it a bar to relief, and to prevent the enforcement of stale demands of all kinds wholly independent of any statutory period of limitations. (1 Pom. Eq. sec. 418).

Since the time that Mrs. Blount knew that the validity of this claim was disputed by the administratrix, all the lands of which John A. McCreight died seized, in this county, have passed out of the name of said John A. McCreight, with the full knowledge and consent of this applicant, and claimant. A considerable portion was transferred to third persons by deed in which the claimant joined with her tenant, the administratrix.

In April, 1894, a mutual partition was had of the remainder of said land under a contract which contained the following recitals:

"Whereas, Anna D. Blount, Alexander McC. Wilson and Celia E. McCreight are each owner of an undivided one-third in the real estate described in the deed to George H. Frey, trustee, which deed is of even date herewith, and whereas each of said parties desire to hold their said interest in severalty, free and clear of any claim of either of said parties, or any other parties through them, they the said Anna D. Blount; Alex. McC. Wilson and Nellie Wilson his wife and Celia E. McCreight do agree each with the other, etc." This contract was carried into execution.

Celia E. McCreight having become the owner of John A. McCreight's said

[COPYRIGHT, 1899, BY CARL G. JAHN.]

1-12 interest by purchase of the same from his children. Thus in fact at this time there is no estate of John A. McCreight of any kind whatever in this county to be administered upon.

All that now exists, within the state of the resident of the creditor is a right to subrogate this land to this disputed debt of the decedent. It is the duty of every sovereignty to protect and enforce the just claims of its own citizens, but it is equally the duty of the citizen to proceed in a diligent manner in the way pointed out by its laws to secure is demand, and not slumber upon his rights tho annoyance, hurt or inconvenience of other of its citizens.

Mrs. Blount may by being a resident of this state, be entitled to a more favorable consideration of her claims than the administratrix, a resident of New Jersey; but her residence gives her no superior claim to that held by the purchasers of these lands.

Her conduct as to these purchasers presents strong grounds for application of an equitable estoppel. It is true that they are not parties to this proceeding, but as the land they purchased is the only thing that can possibly give this court jurisdiction, their rights should not be entirely ignored. And the court should be slow in permitting a tardy creditor possessing a disputed claim to cast a possible cloud over their title. At common law the lands of the deceased were not placed in the hands of an administrator to be administered upon for the purpose of paying his debts; for that purpose they could only be reached by a bill in equity. And even now the real estate can only be administered upon where the personal property is insufficient to pay the debts of decedent. The title to the lands of a deceased person passes directly to his heirs at law. In the case at bar it was admitted that there are sufficient assets in the hands of the administratrix arising from personal property to pay claimant's demand in full. The heirs have a right that this fund be used in liquidating claimant's demand before the real state is sold, and their purchasers are subrogated to such right.

How far such right could be enforced in the case of the sale of the lands of a deceased non-resident, by a resident administrator, I am not prepared to say.

Sufficient in the present case that such complications are largely the result of the acts, commission or omission of the claimant.

It may be if this appointment is refused, Mrs. Blount will be compelled to seek an adjudication of her claim in a foreign court. If this be a hardship, for that is all that it could be in the present case, it is one, the result of her own laches.

The administratrix was a resident of this state for more than a year and was often in Springfield and could have been sued here as is specially provided in sections 6129-6133. I am not sure however but that Mrs. Blount mays till find relief in the courts of this state under these sections.

In the consideration of this case the court has been compelled to travers an unbroken field, without lien or mark to indicate the way to be followed or the destination to be chosen.

The matter with its peculiar surrounding of law and fact has received the careful, thoughtful attention of the court and in exercise of a sound discretion, taking into consideration the just rights of all the parties probably affected, I am led to the conclusion, that the application ought to be denied and for the present at least no administrator be appointed.

The following are the chief reasons for such conclusions—

First—That no administration is necessary to preserve such estate.

Second—That there is now no property or estate in the name of John A. McCreight in this county, to be administered upon.

Third—That the debt is in dispute.

Fourth—That the estate is solvent.

Fifth—That sufficient assets derived from the personal property to pay said claim, are now in the hands of said foreign administratrix.

Sixth—That the claimant has been guilty of laches in not formally presenting her claim to said administra-

trix while she resided in Ohio or while within this jurisdiction.

Seventh—That all the property within this jurisdiction belonging to said decedent having passed out of the name of said decedent with the consent and approbation of the claimant, she ought not to be allowed to disturb the title to the same by the appointment of an administrator, until at least every other remedy to secure her said claim has been exhausted.

Bowman & Bowman, for application.

Oscar T. Martin, for administratrix.